UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

IAN BRADLEY CORBIN,  :
    Petitioner  :
      : CIVIL NO. 1:13-CV-2276
    v.  :
      : (Judge Caldwell)
VINCENT D. MOONEY, *et al.,*  :
    Respondents  :

# *M E M O R A N D U M*

I. *Introduction*

The pro se petitioner, Ian Bradley Corbin, an inmate at SCI-Coal Township, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Corbin is challenging his 2008 convictions in the Court of Common Pleas of Luzerne County, Pennsylvania, for aggravated assault and carrying a firearm without a license. He was sentenced to five to ten years of imprisonment.

It appears to the court that the petition was filed after the expiration of the one-year statute of limitations for a section 2254 petition. We may raise the timeliness issue *sua sponte*. *Day v. McDonough*, 547 U.S. 198, 202, 126 S.Ct. 1675, 1679-80, 164 L.Ed.2d 376 (2006); *United States v. Bendolph*, 409 F.3d 155, 166-67 (3d Cir. 2005) (en banc).

However, before dismissing the petition on the basis of the statute of limitations, we must give Petitioner an opportunity to explain why his petition is timely. *Day*, 547 U.S. at 210, 126 S.Ct. at 1684. We will therefore provide Petitioner with that opportunity, after explaining why we believe the petition is untimely.

II. *Background*

On June 11, 2008, a jury convicted Petitioner on the two offenses, and on July 21, 2008, he was sentenced to five to ten years' imprisonment. *Commonwealth v. Corbin*, CP-40-CR-1665-2007, at p. 8 (Common Pleas Ct. - Luzerne Ctny.). Petitioner took a timely direct appeal, and on September 8, 2009, the Pennsylvania Superior Court affirmed his convictions and sentence. *Commonwealth v. Corbin*, No. 1543 MDA 2008 (Pa. Super. Ct.). Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On July 29, 2010, Petitioner filed a petition under the Pennsylvania Post Conviction Relief Act (PCRA). 42 Pa. Con. Stat. Ann. § 9541-9546. *Commonwealth v. Corbin*, CP-40-CR-1665-2007, at p. 10 (Common Pleas Ct. - Luzerne Ctny.). On June 30, 2011, the trial court denied the PCRA petition. (*Id.*, p. 11). After a timely appeal, on December, 4, 2012, the superior court affirmed the trial court's decision. *Commonwealth v. Corbin*, No. 1314 MDA 2011 (Pa. Super. Ct.). On May 28, 2013, the Pennsylvania Supreme Court denied Petitioner's timely petition for allowance of appeal. *Commonwealth v. Corbin*, No. 4 MAL 2013 (Pa.).

On August 21, 2013, Petitioner filed his 2254 petition.[1]

---

[1] Under the prison mailbox rule, we use the date Petitioner placed the petition with prison authorities for mailing as the filing date, not August 30, 2013, the date the petition was docketed. We do so even though Petitioner may not have technically complied with all the requirement of the rule. *See Jenkins v. Superintendent of Laurel Highlands,* 705 F.3d 80, 84 n.2 (3d Cir. 2013).

-2-

III. *Discussion*

    A. *Statutory Framework*

There is a one-year statute of limitations on filing a 2254 petition. *See* 28 U.S.C. § 2244(d)(1). In pertinent part, the statute begins to run from the date the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See Wall v. Kholi*, ___ U.S. ___, ___, 131 S.Ct. 1278, 1283, 179 L.Ed.2d 252 (2011) (citing 28 U.S.C. § 2244(d)(1)(A)); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 410, 125 S.Ct. 1807, 1810, 161 L.Ed.2d 669 (2005). This language applies to the right to seek discretionary review in state appellate courts and means that the judgment does not become final until the time period for seeking such review expires, even if review is not sought. *See Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000).

The limitations period is subject to statutory tolling. Statutory tolling occurs during the time "a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); *Swartz, supra,* 204 F.3d at 419. A properly filed state petition "is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998).

Statutory tolling applies to those periods when an application for discretionary review is pending in a state appellate court from the denial of postconviction relief, *see Kindler v. Horn*, 542 F.3d 70, 77 n.5 (3d Cir. 2008)(noting that the petitioner's PCRA petition was pending at least through the date the Pennsylvania Supreme Court denied his petition for review), *rev'd on other grounds*, *Beard v. Kindler,* 558 U.S. 53, 130 S.Ct. 612,

175 L.Ed.2d 417 (2009). However, it does not apply to the time the petitioner has for seeking certiorari review from the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 329, 127 S.Ct. 1079, 1081, 166 L.Ed.2d 924 (2007)(a state application for postconviction relief is not pending under section 2244(d)(2) "when the state courts have entered a final judgment in the matter but a petition for certiorari has been filed" in the Supreme Court).

The limitations period may also be subject to equitable tolling. Equitable tolling applies when the petitioner shows that he "has been pursuing his rights diligently," and yet "some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, ___ U.S. ___, ___, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010); *see also Jenkins v. Superintendent of Laurel Highlands,* 705 F.3d 80, 89 (3d Cir. 2013). Equitable tolling can occur in several circumstances. *See Jenkins*, 705 F.3d at 88-91; *Urcinoli v. Cathel*, 546 F.3d 269, 273 (3d Cir. 2008); *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir. 1999).

    B.    *Calculation of Petitioner's Limitations Period*

Corbin's judgment became final on October 8, 2009, the expiration date of the thirty-day period he had for seeking direct review in the Pennsylvania Supreme Court from the September 8, 2009, decision of the superior court denying his direct appeal. His one-year statute of limitations thus began running on October 8, 2009, meaning that, absent any tolling, he had until October 8, 2010, to timely file his 2254 petition.

The limitations period ran for 294 days until July 29, 2010, when it was tolled by Corbin's timely filed PCRA petition. The period remained tolled until May 28, 2013,

when the Pennsylvania Supreme Court denied allowance of appeal from the superior court's decision affirming the denial of PCRA relief. Thereafter, the limitations period began running again, and Corbin had seventy-one days, or until August 7, 2013, to file his federal habeas petition. However, he did not file his 2254 petition until August 21, 2013, fourteen days after the deadline, thereby making the petition untimely.

As noted, we must give Petitioner an opportunity to oppose our *sua sponte* invocation of the statute of limitations. We will issue an appropriate order.

        /s/ William W. Caldwell
        William W. Caldwell
        United States District Judge

Date: September 5, 2013

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

IAN BRADLEY CORBIN, :
    Petitioner :
: CIVIL NO. 1:13-CV-2276
  v. :
: (Judge Caldwell)
VINCENT D. MOONEY, *et al.,* :
    Respondents :

*O R D E R*

AND NOW, this 5th day of September, 2013, it is ordered that:

  1. Within twenty-one (21) days of the date of this order, Petitioner may file a brief opposing the court's determination that the 2254 petition is time-barred.

  2. If Petitioner fails to do so, we will deny the petition as time-barred.


                /s/ William W. Caldwell
                William W. Caldwell
                United States District Judge